UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL MURRAY,<br><br>                             Plaintiff,<br><br>    -against-<br><br>SERGEANT FOX; MARK MILLER, WARDEN; GREEN HAVEN CORRECTIONAL FACILITY; OFFICE OF SPECIAL INVESTIGATION,<br><br>                            Defendants. | 25-CV-4880 (CS)<br><br>ORDER OF SERVICE |

CATHY SEIBEL, United States District Judge:

      Plaintiff, who currently is detained in the Warren County Jail in Lake George, New York, brings this action, *pro se*, under 42 U.S.C. 1983, alleging that Defendants violated his federally protected rights. By order dated June 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] After he filed this complaint, Plaintiff filed a motion to refer this case to a magistrate, and a second motion by order to show to "reopen" this case and refer it to a magistrate judge. (ECF 8, 9.)

**STANDARD OF REVIEW**

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.       **Green Haven Correctional Facility and the Office of Special Investigations**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Office of Special Investigations ("OSI") is part of the New York State Department of Corrections and Community Supervision ("DOCCS"), an agency of the State of New York that operates Green Haven Correctional Facility. *See Bazelais v. Rikers Island Corr. Ctr. (D.O.C.)*, No. 22-CV-3374 (LTS), 2022 WL 2805590, at *2 (S.D.N.Y. July 18, 2022). Because DOCCS is an arm of the State of New York, it is protected by Eleventh Amendment immunity that extends to its offices and correctional facilities. *See Gardner v. Koeningsman*, No. 21-CV-10185 (PMH), 2022 WL 1058498, at *2 (S.D.N.Y. Mar. 30, 2022). The Court dismisses Plaintiff's claims against Green Haven Correctional Facility and OSI because Plaintiff seeks monetary relief from defendants that are immune from such relief and, therefore, the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*,

125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction.").

**B.        Order of Service on Sgt. Fox and Warden Miller**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

### C. Local Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court dismisses Plaintiff's claims against Green Haven Correctional Facility and the Office of Special Investigation. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The pending motions are denied without prejudice, and the Clerk of Court is directed to terminate them. (ECF 8, 9.)

The Clerk of Court is instructed to issue summonses for Defendants Warden Mark Miller and Sergeant Fox, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Local Civil Rule 33.2 applies to this case.

SO ORDERED.

Dated: July 8, 2025
       White Plains, New York

*Cathy Seibel*
CATHY SEIBEL
United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Warden Mark Miller
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

2. Sergeant Fox
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582