UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL MURRAY

Plaintiff,

-against-

SERGEANT FOX, *et al*.

Defendants.

25-CV-4880 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, who currently is incarcerated at Upstate Correctional Facility in Malone, New York, brings this action, *pro se*, under 42 U.S.C. 1983, alleging that Defendants violated his federally protected rights. By order dated June 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") – that is, without prepayment of fees.[1] (ECF No. 7.)

By order dated July 8, 2025, the Court directed the Clerk of Court to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants Fox and Miller, issue summonses, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service. (ECF No. 11.) The Court also dismissed the claims against Green Haven Correctional Facility and the Office of Special Investigation. (*Id.*) By order dated December 12, 2025, the Court re-ordered service on Defendants Fox and Miller, as the U.S. Marshals Service had not received the service package due to a clerical error. (ECF No. 24.) Defendants Fox and Miller were served on February 3, 2026 and February 18, 2026, respectively. (ECF Nos. 28, 29.)

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

On February 26, 2026, Plaintiff filed an Amended Complaint. (ECF No. 30.) On May 22, 2026, Defendants filed a pre-motion letter seeking a conference in anticipation of their motion to dismiss. (ECF No. 40.) On May 22, 2026, the Court granted Plaintiff's letter motion for a conference, which was held on June 29, 2026. (ECF No. 41; Minute Entry dated June 29, 2026.) The Court set a briefing schedule at which Plaintiff was granted leave to amend by July 29, 2026, with Defendants' motion to dismiss due August 26, 2026, Plaintiff's opposition due September 25, 2026 and Defendants' reply due October 9, 2026. (Minute Entry dated June 29, 2026.)

On July 7, 2026, Plaintiff submitted a Second Amended Complaint. (ECF No. 49.) On July 9, 2026, Plaintiff submitted a letter attaching his Third Amended Complaint. (ECF Nos. 50, 51.) Plaintiff requested that the Court disregard the Second Amended Complaint itself but still consider the "evidence" (by which the Court believes he means attachments) he filed with the Second Amended Complaint. (ECF No. 50 at 1.) In the Third Amended Complaint, Plaintiff names two additional Defendants: the Green Haven Correctional Facility Medical Department and Officer Risario. (ECF No. at 51 at 1.)

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Green Haven Correctional Facility Medical Department

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

In the Third Amended Complaint, Plaintiff purports to add the Green Haven Correctional Facility Medical Department as a Defendant. But New York State prison medical departments are "arms of the State of New York, and therefore enjoy Eleventh Amendment immunity from suit under § 1983." *Pena v. Downstate Corr. Facility Med. Dep't*, No. 19-cv-7336, 2020 WL 1467372, at *2 (S.D.N.Y. Mar. 25, 2020). The Court dismisses Plaintiff's claims against the Green Haven Correctional Facility Medical Department because Plaintiff seeks monetary relief from defendants that are immune from such relief and, therefore, the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction.").

**B. Order of Service on Officer Risario**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service of the Third Amended Complaint on Defendant Risario, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for him. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Risario.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

If Defendant Risario is served in time and wishes to move to dismiss on the same or similar grounds as the existing Defendants, then the briefing schedule previously set by the Court will remain the same. If Defendant Risario is served in time but intends to move to dismiss on new or different grounds, Defendants should submit a revised pre-motion letter outlining these grounds within 30 days of service and the previously set briefing schedule will be held in

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

abeyance. If Defendant Rosario is not served in time, the previously set briefing schedule will be held in abeyance and Defendants should propose a new schedule within 30 days of service.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Green Haven Correctional Facility Medical Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue a summons for Defendant Risario; complete the USM-285 form for him; and deliver all documents necessary to effect service of the Third Amended Complaint to the U.S. Marshals Service.

**SO ORDERED.**

Dated: July 20, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Officer Risario
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582