UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL MURRAY, Plaintiff, -against- SERGEANT FOX, *et al.*, Defendants. | 25-CV-4880 (CS) ORDER OF SERVICE |

CATHY SEIBEL, United States District Judge:

Plaintiff, who currently is incarcerated at Upstate Correctional Facility in Malone, New York, brings this action, *pro se*, under 42 U.S.C. 1983, alleging that Defendants violated his federally protected rights. By order dated June 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") – that is, without prepayment of fees.[1] (ECF No. 7.)

On February 26, 2026, Plaintiff filed an Amended Complaint. (ECF No. 30.) On May 22, 2026, Defendants filed a pre-motion letter seeking a conference in anticipation of their motion to dismiss. (ECF No. 40.) On May 22, 2026, the Court granted Defendant's request for a conference, which was held on June 29, 2026. (ECF No. 41; Minute Entry dated June 29, 2026.) The Court set a briefing schedule at which Plaintiff was granted leave to amend by July 29, 2026, with Defendants' motion to dismiss due August 26, 2026, Plaintiff's opposition due September 25, 2026 and Defendants' reply due October 9, 2026. (Minute Entry dated June 29, 2026.)

On July 7, 2026, Plaintiff submitted a Second Amended Complaint. (ECF No. 49.) On July 9, 2026, Plaintiff submitted a letter attaching his Third Amended Complaint. (ECF Nos. 50, 51.) Plaintiff requested that the Court disregard the Second Amended Complaint itself but still

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

consider the "evidence" (by which the Court believes he means attachments) he filed with the Second Amended Complaint. (ECF No. 50 at 1.) In the Third Amended Complaint, Plaintiff named two additional Defendants: the Green Haven Correctional Facility Medical Department and Officer Risario. (ECF No. at 51 at 1.)

By order dated July 20, 2026, the Court directed the Clerk of Court to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Risario, issue a summons, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service. (ECF No. 52.) The Court also dismissed the claims against Green Haven Correctional Facility Medical Department. (*Id.*)

On August 21, 2026, Defendants requested an extension of time to respond to Plaintiff's Third Amended Complaint. (ECF No. 58.). In their letter, Defendants stated that Green Haven Correctional Facility received the summons for Defendant Risario, but the only officer with a similar name did not work in the area during the time frame identified in Plaintiff's operative complaint. (*Id.*) Instead, the officer who worked in the subject area was Officer Joshua Ruiz. (*Id.*) Defendants requested additional time to contact Plaintiff to clarify the identity of the officer he seeks to sue. (*Id.*) The same day, the Court granted Defendants' request and extended their time to respond until September 25, 2026. (ECF No. 59).

On August 27, 2026, Plaintiff submitted a letter to the Court requesting to substitute Officer Joshua Ruiz for Officer Risario as a Defendant. (ECF No. 60).

## DISCUSSION

### A. Order of Service on Officer Ruiz

The Clerk of Court shall amend the caption to substitute "Joshua Ruiz" as a Defendant in place of "Officer Risario."

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service of the Third Amended Complaint on Officer Ruiz, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for him. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Officer Ruiz.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

If Officer Ruiz is served in time and wishes to move to dismiss on the same or similar grounds as the existing Defendants, then the briefing schedule previously set by the Court will remain the same. If Officer Ruiz is served in time but intends to move to dismiss on new or different grounds, Defendants should submit a revised pre-motion letter outlining these grounds by the date the motion would otherwise have been due, and the previously set briefing schedule will be held in abeyance. If Officer Ruiz is not served in time, the previously set briefing

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

schedule will be held in abeyance and Defendants should propose a new schedule within 30 days of service.

**B. Plaintiff's Submissions to the Court**

Plaintiff's letters to the Court are extremely difficult to read and follow. In future submissions, Plaintiff must: (1) not underline or circle anything; (2) write only on the lines provided; (3) double-space; and (4) not repeat anything already stated in previous submissions or earlier in the same submission (unless specifically permitted by the Court).

## CONCLUSION

The Clerk of Court is instructed to amend the caption to substitute "Officer Joshua Ruiz" as a Defendant in place of "Officer Risario"; issue a summons for Officer Joshua Ruiz; complete the USM-285 form for him; and deliver to the U.S. Marshals Service all documents necessary to effect service of the Third Amended Complaint on Defendant Ruiz.

**SO ORDERED.**

Dated: September 2, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Officer Joshua Ruiz
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582